UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

ALEXANDER SOROKO; SUSAN SOROKO,
Plaintiffs-Appellants,

v.

No. 97-1232

ARTHUR W. GOSLING, Dr., official
capacity, Superintendent Arlington
County Public Schools (ACPS),
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-92-1276-A)

Submitted: September 16, 1997

Decided: October 14, 1997

Before NIEMEYER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John M. DiJoseph, KAVRUKOV, MEHROTRA & DIJOSEPH,
Arlington, Virginia, for Appellants. Barbara S. Drake, County Attor-
ney, Carol W. McCoskrie, Assistant County Attorney, Arlington, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Susan and Alexander Soroko (the Sorokos) appeal from the district court's order denying them attorneys' fees and granting summary judgment to the Superintendent of the Arlington County Public Schools (ACPS). We affirm.

The Sorokos are the parents of Anna Soroko, who has been receiving special education services since 1993 from ACPS under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1427 (1994). Anna is entitled to receive speech therapy services as part of her special education program. Because ACPS failed to provide speech therapy services to Anna for an eight-week period in 1995 and 1996, the Sorokos requested a due process hearing pursuant to the IDEA.

The Sorokos requested the following relief:

> 1. A finding of fact that services were suspended without notice to Anna's parents in violation of Anna's IEP [Individualized Education Plan];
>
> 2. ACPS to provide a weekly report to the Sorokos listing: (1) services provided; (2) amount of time of service; (3) whether services were rendered in a group or one to one; and (4) name of service provider;
>
> 3. Anna will attend second grade at Arlington Traditional School under the inclusion program with parental selection of Anna's teacher. ACPS ensures that Anna's teacher has been provided and has obtained formal training in dealing with inclusion students;

2

4. ASPS [sic] to provide private compensatory speech therapy services to Anna on a one to one basis with a speech therapist selected by the Sorokos. This service is [to] be provided outside of normal school hours;

5. ACPS pay all of the Sorokos['] legal fees and expenses;

6. ACPS pay for a private evaluation of Anna's current developmental status by Dr. Philip Pearl.

(J.A. 48-49).

Before the hearing was convened, ACPS informed the Sorokos that compensatory speech therapy services would be provided to Anna. On the first day of the hearing, ACPS agreed to provide the requested weekly reports. The Sorokos testified that they had never requested weekly reports from the ACPS prior to the administrative hearing. While both parties agreed that ACPS would provide the Sorokos with weekly reports on what services Anna received, they disputed the timing of the notification for all services. The Sorokos requested notification in writing immediately if any of the services provided to Anna were to be suspended for any reason. Therefore, the issue of when ACPS must give notice was a disputed matter. The Sorokos wanted notice within forty-eight hours.

The hearing officer made seven specific directives. ACPS then timely appealed that decision to a state level reviewing officer. The reviewing officer affirmed two of the hearing officer's directives-- that ACPS provide the Sorokos with weekly reports as they agreed and that Anna not be given compensatory services during recess or lunch time.

The reviewing officer reversed the hearing officer's other directives. The reviewing officer found that the directive that whenever possible ACPS would give notice of any suspension of services within a forty-eight hour period was too broad and/or vague to constitute an enforceable order. Thus, he reversed the forty-eight hour notice requirement. The reviewing officer stated, however, that interruption or suspension of Anna's prescribed speech therapy services in

3

excess of ten days arguably would be a change in placement that requires notice to the Sorokos pursuant to Honig v. Doe, 484 U.S. 305 (1988). The reviewing officer noted that in this case the ordered weekly report should reflect such an interruption well before such suspension continues for ten days.

The Sorokos then filed an action in district court seeking payment of attorneys' fees. In response, the Superintendent of ACPS moved to dismiss for failure to state claim on which relief could be granted or, in the alternative, for summary judgment.

On appeal, the Sorokos claim that they were the"prevailing party" below because they obtained: (1) weekly reports detailing the special education services rendered to Anna during the past week; (2) the imposition of the ten-day limit before they must be notified if special education services will be suspended in the future pursuant to Honig; and (3) an input into what, how, and where compensatory services will be provided if there is a suspension of services in the future.

Summary judgment is appropriate only if the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review the entry of summary judgment de novo, applying the same standard as the district court. Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1997).

Under IDEA, 20 U.S.C. § 1415(e)(4)(B) (1994),"[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." The "action or proceeding" refers to an "impartial due process hearing" held pursuant to the provisions outlined in § 1415. The term "prevailing party" has "the same general meaning under § 1415(d)(4)(B) and 42 U.S.C. § 1988, and cases interpreting both sections apply the same principles to determine a plaintiff's entitlement to attorneys' fees." Combs v. School Bd. of Rockingham County, 15 F.3d 357, 360 (4th Cir. 1994). In order to be a prevailing party under § 1988, a "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." Farrar v. Hobby, 506

4

U.S. 103, 111 (1992) (citations omitted); see S-1 & S-2 v. State Bd. of Educ. of N.C., 6 F.3d 160 (4th Cir. 1993) (Wilkinson, J., dissenting), vacated, 21 F.3d 49, 51 (4th Cir. 1994) (in banc) (adopting Judge Wilkinson's dissent as the majority opinion). Further, plaintiffs are entitled to recover attorneys' fees "`if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)).

The Sorokos are not entitled to attorneys' fees for the order that ACPS provide weekly reports because their efforts contributed nothing to the final resolution of a problem that could have been achieved without resort to administrative or legal process. See Combs, 15 F.3d at 364. The Sorokos should have given ACPS adequate notice and the opportunity to provide the weekly reports before they brought an administrative action and subsequent lawsuit. See id.; Child v. Spillane, 866 F.2d 691, 693-94 (4th Cir. 1989). Allowing an award of attorneys' fees under these circumstances would encourage potential litigants and their attorneys to pursue legal claims prior to attempting a simpler resolution and would discourage schools from taking any action whatsoever once an administrative proceeding or lawsuit was underway for fear that any action on their part would give rise to a claim by a plaintiff that he prevailed and was entitled to attorneys' fees. See Combs, 15 F.3d at 364. Thus, the due process hearing did not bring about the agreement for weekly reports, and the Sorokos are not a "prevailing party" on this claim. See id.

The Sorokos are not a "prevailing party" with regard to the ten-day limitation under Honig because the reviewing officer merely made a generalized statement of law with regard to Honig. "[A] favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a `prevailing party.'" Hewitt v. Helms, 482 U.S. 755, 763 (1987). The reviewing officer's statement of law is not an enforceable judgment and does not affect the behavior of ACPS towards the Sorokos. See Farrar, 506 U.S. at 103. Thus, the Sorokos are not a "prevailing party" on this claim. Id.

Lastly, the Sorokos claim that they are a "prevailing party" because they obtained an input into what, how, and where compensatory ser-

5

vices will be provided if there is suspension of services in the future. The Sorokos waived this claim because they did not raise it in the district court. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). The reviewing officer's directives did not explicitly give the Sorokos input into what, how, and where compensatory services will be provided. Thus, our refusal to consider this claim would not be plain error or result in a miscarriage of justice. See id.

Accordingly, we affirm the district court's order granting summary judgment to the Superintendent of ACPS. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6