**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE NORTH CAROLINA BAPTIST
HOSPITAL, INCORPORATED; WAKE
FOREST UNIVERSITY,
<u>Plaintiffs,</u>

v.

KENNETH M. STURGILL; VIVIAN                     No. 96-1270
STURGILL,
<u>Defendants-Appellants,</u>

v.

TYSON FOODS, INCORPORATED,
<u>Third Party Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CA-94-119-5-V)

Argued: March 3, 1997

Decided: November 21, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Timothy D. Welborn, North Wilkesboro, North Carolina,
for Appellants. Michael Grant Young, MCELWEE & MCELWEE,

North Wilkesboro, North Carolina, for Appellee. **ON BRIEF:** Franklin D. Smith, LAW OFFICES OF FRANKLIN SMITH, Elkin, North Carolina, for Appellants. William H. McElwee, III, MCELWEE & MCELWEE, North Wilkesboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Third-party plaintiff-appellants Kenneth M. Sturgill and Vivian Sturgill appeal from the district court's dismissal of their third-party complaint against third-party defendant-appellee Tyson Foods, Inc. ("Tyson"). As employees of Tyson, the Sturgills were covered by Tyson's major medical and health insurance plan, a self-funded ERISA plan administered by the "Group Benefit Plan for Employees of Tyson Foods, Inc." ("the Plan"), a separate corporate entity that is not a party to this lawsuit. In 1992, the Sturgills were involved in an automobile accident. As a result, the Sturgills incurred substantial medical expenses at the North Carolina Baptist Hospital ("the Hospital").[1] The Sturgills sued and recovered damages from the other driver that was involved in their automobile accident. Although the other driver's insurance company paid to the limits of its policy, the Sturgills still did not recover sufficient funds, even before the Sturgills' counsel retained his fee, to cover their medical expenses. Because the Sturgills failed to pay the Hospital, the Hospital sued the Sturgills in North Carolina state court for the unpaid charges.

The Sturgills filed a third-party suit against Tyson, claiming that Tyson's health plan refused to pay the Sturgills' medical bills. Tyson removed to federal court and filed separate motions to dismiss and for summary judgment. In essence, Tyson argued that (1) the Sturgills

_____

[1] The Hospital plays no role in this appeal.

2

had sued the wrong party because they had failed to sue the Plan; (2) the Plan did not cover the acts of third parties; i.e., acts by the driver of the other car involved in the Sturgills' accident; and (3) although the Plan could, in its discretion, agree to advance Plan participants money for medical expenses arising out of the acts of third parties, the Sturgills had failed to subrogate their rights of recovery from third-parties to the Plan as required. The Sturgills' attorney filed a general denial to the motion to dismiss, failed to respond to the motion for summary judgment, and filed a motion to substitute the Plan as third-party defendant.

The lower court denied Tyson's motion to dismiss because it relied on facts outside the pleadings. Nevertheless, the court granted Tyson's motion for summary judgment because it concluded that the Sturgills had conceded, by virtue of their motion to substitute defendants, that Tyson was the wrong defendant. In addition, the court denied the Sturgills' motion to amend and substitute new parties, concluding that any such amendment would be futile because the Plan does not cover the acts of third parties. Finally, the court granted Tyson's motion for attorneys' fees under 29 U.S.C.§ 1132(g), awarding such fees against the Sturgills' attorney personally pursuant to Rule 11 of the Federal Rules of Civil Procedure.

On appeal, the Sturgills argue that (1) their motion to substitute parties and to amend the complaint should be stricken; (2) the Plan should be considered part of Tyson and thus named as a third-party defendant in the instant case; and (3) the lower court erred in strictly interpreting the subrogation clause because the Sturgills have not been made whole by their recovery from the driver of the car that injured them. In addition, plaintiffs' attorney argues that attorneys' fees should not have been awarded against him. This court will review de novo the district court's grant of summary judgment, see Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1997), and consider whether the district court abused its discretion in awarding attorneys' fees to defendants, see Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147, 151 (4th Cir. 1996) (citing Pierce v. Underwood, 487 U.S. 552, 557-63 (1988)).

I. Summary Judgment

Initially, this court need not reach the issue of whether Tyson or the Plan is the proper defendant. The relevant portion of the Summary

3

Plan Description ("SPD") provided to all Plan participants, including the Sturgills, states:

> D. Acts of Third Parties
> Medical care and disability benefits are not payable to or for a person covered under this plan when the injury or illness to the covered person occurs through the act or omission of another person. However, the Administrator may elect to advance payment for medical/ disability expenses incurred for an injury or illness caused by a third party. The covered person or guardian must sign an agreement to repay the Administrator in full any sums advanced for such medical or disability expenses from any judgment or settlement received. The Administrator has the right to recover in full the medical or disability expenses advanced regardless of whether that person actually signs the repayment agreement. It is only necessary that the injury occur through the act of a third party and the Administrator [sic] right of recovery may be from the third party, any liability or other insurance covering the third party, the insured's own uninsured motorist benefits, underinsured motorist benefits or any medical pay or no-fault benefits which are paid or payable. The Administrator will not pay fees or costs associated with the claim/ lawsuit without express written authorization.

Summary Plan Description at 44 (J.A. at 73). As is clear from the plain language of the SPD, the Plan does not provide medical benefits for injuries arising out of the acts of third parties. Accordingly, the Sturgills must concede that they are not entitled to medical benefits under the Plan for injuries they suffered as a result of their automobile accident.

Moreover, to the extent that the Plan Administrator might, in his discretion, have agreed to advance the Sturgills any sums of money to cover the cost of medical treatment for injuries occasioned through the fault of the third-party driver, it is nonetheless apparent that the Plan Administrator did not abuse his discretion in refusing to do so given that the Sturgills refused to sign a subrogation agreement as

4

required by the Plan. Finally, even if the Plan had advanced the Sturgills money to cover their medical expenses, the Sturgills would have been obligated to reimburse the Plan from the money that they received from the third-party driver. See Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990). Under these circumstances, summary judgment on behalf of defendant is entirely appropriate, regardless of whether Tyson or the Plan is the proper defendant.

II. Attorneys' Fees

As to the issue of whether the district court properly awarded Tyson attorneys' fees, after considering the five factors enunciated in Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017, 1029 (4th Cir. 1993),**2** we conclude that the district court did not abuse its discretion when it decided to award attorneys' fees against

_____

**2** Under Quesinberry, in awarding fees under ERISA to a prevailing party, a court should consider:

> (1) [the] degree of opposing parties' culpability or bad faith;
>
> (2) [the] ability of opposing parties to satisfy an award of attorneys' fees;
>
> (3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances;
>
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
>
> (5) the relative merits of the parties' positions.

Quesinberry, 987 F.2d at 1029 (citing Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210, 1217-18 (4th Cir. 1990)). These five factors do not create a "rigid test, but rather provide[ ] general guidelines for the district court in determining whether to grant a request for attorneys' fees." Id. (citing Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 258 (1st Cir. 1986)). "`Not one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [1132(g)].'" Id. (quoting Iron Workers Local # 272 v. Bowen, 624 F.2d 251, 258 (1st Cir. 1986)).

5

plaintiffs under 29 U.S.C. § 1132(g). Moreover, given the circumstances of this case, we conclude that the district court did not abuse its discretion when it decided to award such fees against plaintiffs' attorney personally pursuant to Rule 11 of the Federal Rules of Civil Procedure.[3] The Sturgills' continued litigation of a frivolous and meritless claim more than justifies the awarding of reasonable attorneys' fees to Tyson. Moreover, the attorney has failed to put forth a coherent legal argument during the course of this litigation. In addition, the attorney neither responded to Tyson's motion for summary judgment, nor complied with the Magistrate Judge's January 6, 1995 order directing him to show cause as to why he should not personally be required to pay a portion of the awarded fees. On these bases, the award of reasonable attorneys' fees appropriately is lodged against the attorney personally. That "[p]laintiff's[sic] counsel . . . is but a simple country lawyer in the process of recovering from prolonged illness," see Brief of Appellants at 28, does not justify or excuse the waste of judicial resources that this case has engendered.[4]

Accordingly, for the aforementioned reasons, the district court's order will be affirmed in its entirety.

AFFIRMED

_____

[3] In determining whether a sanction under Rule 11 is appropriate, a court should consider (1) the reasonableness of the attorneys' fees; (2) the minimum sanction necessary to deter the attorney from similar behavior in the future; (3) the ability of the attorney to pay the sanction; and (4) the severity of the Rule 11 violation. In re Kunstler, 914 F.2d 505, 523-25 (4th Cir. 1990).

[4] Because we find that the award of fees for work done before the district court is a reasonable compensation to Tyson and will deter the Sturgills' attorney from similar acts in the future, we decline Tyson's request that we award fees on appeal.

6