UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BRYAN DARRIS GRAHAM,
            *Plaintiff-Appellant,*

v.

GENEVA ENTERPRISES, INCORPORATED;
RRR, LLC, d/b/a Rosenthal Infiniti,
            *Defendants-Appellees,*

            and

ROSENTHAL INFINITI; CHASE
AUTOMOTIVE, INCORPORATED; CHASE
MANHATTAN BANK (USA), N.A.,
d/b/a Chase Manhattan Automotive
Finance Corporation; ROSENTHAL
NISSAN, INCORPORATED,

            *Defendants.*

No. 02-1653

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-01-739-A)

Submitted: December 20, 2002

Decided: January 21, 2003

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Bryan Darris Graham, Appellant Pro Se. Richard Van Wert Adams III, WALTON & ADAMS, P.C., McLean, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bryan Darris Graham appeals the district court's order granting summary judgment in favor of Appellee thereby dismissing Graham's complaint alleging violations of various provisions of the Federal Truth in Lending Act and Virginia Consumer Protection Act as well as common law fraud, in connection with the financing of a car purchase. We affirm.

Summary judgment is appropriate when there is no genuine issue of material fact given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, we assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (en banc). However, the non-moving party may not rely upon mere allegations. Rather, his response must, with affidavits or other verified evidence, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994). If the adverse party fails to so respond, summary judgment, if appropriate, will be entered. Fed. R. Civ. P. 56(e). The appellate standard of review of a grant of summary judgment is de novo. *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997). As

a pro se litigant, Graham is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

   With these standards in mind, we affirm on the reasoning of the district court. *Graham v. Geneva Enterprises, Inc.*, No. CA-01-739-A (E.D. Va. filed May 15, 2002; entered May 17, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*