**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6884**

---

DWAYNE MANNING,

Plaintiff - Appellant,

versus

LAMBERT; REID; DULA; ROGERS; GREEN; CUTTER;
BRENIZE; GRAY; NURSE SMITH; BORROC; GOURIOUX;
ANDREWS; COX; CRUMP; JOHNSON; MOST; HOLLIER;
NAVALANEY; SINES; HART; BERNAZOLLI; LEWIS;
EZEKIEL; FINGER; BOGDAN; ASBOURN; SHEARIN;
UNITED STATES DEPARTMENT OF JUSTICE; BUREAU OF
PRISONS; JOHN DOES; JANE DOES,

Defendants - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CA-03-2057-AW)

---

Submitted:  December 20, 2004        Decided:  July 20, 2005

---

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

Dwayne Manning, Appellant Pro Se. Matthew Wayne Mellady, UNITED
STATES DEPARTMENT OF JUSTICE, Annapolis Junction, Maryland, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwayne Manning, a federal inmate, filed this Bivens[*] action alleging that he has suffered harm since 1999 and will suffer future harm from exposure to environmental tobacco smoke ("ETS") during his incarceration at FCI Cumberland. He alleged violations of his Eighth Amendment rights, as well as a claim under the Federal Tort Claims Act. In his complaint and in his declaration submitted in response to Defendants' motion for summary judgment, Manning averred that staff and inmates routinely violate the prison's smoking policy and that he is suffering health consequences as a result of the high level of ETS to which he is exposed. He also stated that prison guards do not enforce the smoking policy. The district court granted summary judgment, and Manning appeals.

Summary judgment is only appropriate when there is no genuine issue of material fact given the parties' burdens of proof at trial. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th

_____

[*]Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Cir. 1996).  We review the grant of summary judgment de novo. Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 191 (4th Cir. 1997).

After a careful review of the record, we find that the district court inappropriately credited the Defendants' evidence and discredited Manning's evidence.  Viewing the evidence in the light most favorable to Manning, we find that he has raised material issues of fact as to whether he was being exposed to "unreasonably high levels of ETS" under Helling v. McKinney, 509 U.S. 25, 35 (1993), whether he suffered from a serious injury or medical need under Estelle v. Gamble, 429 U.S. 97, 106 (1976), and whether Defendants exercised ordinary diligence in enforcing the smoking policy.  Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED