**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1300**

———————

DOROTHY A. SCHROCK; SCHROCK, INCORPORATED,

        Plaintiffs – Appellants,

   and

LARRY R. SCHROCK,

        Plaintiff,

      v.

LANCER INSURANCE COMPANY, an Illinois Corporation,

        Defendant – Appellee,

   and

NATIONWIDE INSURANCE COMPANY, a Wisconsin Corporation;
HERTZ CORPORATION, a Delaware Corporation,

        Defendants.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Samuel G. Wilson,
District Judge. (5:09-cv-00059-sgw-jgw)

———————

Submitted: January 30, 2012          Decided: February 16, 2012

———————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

John J. Rasmussen, INSURANCE RECOVERY LAW GROUP, PLC, Richmond, Virginia, for Appellants.   William N. Watkins, SANDS ANDERSON PC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy A. Schrock ("Dorothy") and Schrock, Incorporated, appeal from the district court's declaratory judgment, entered after a bench trial, that a business automobile insurance policy issued by Lancer Insurance Company ("Lancer") does not afford underinsured motorist coverage to Dorothy and Larry Schrock for injuries they suffered in an automobile collision. Appellants assert error in the district court's determination that Lancer was not required by Va. Code Ann. § 38.2-2206 (Supp. 2011) to afford such coverage to Dorothy. We affirm.

On appeal from a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. Roanoke Cement Co. v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005). After review of the record, we hold that the district court properly concluded that Lancer was not required by § 38.2-2206 to afford uninsured or underinsured motorist coverage to Dorothy, an insured of the second class under Virginia law who was present in a vehicle not listed in Lancer's insurance policy. Stone v. Liberty Mut. Ins. Co., 478 S.E.2d 883, 886 (Va. 1996) (stating that § 38.2-2206 "only requires, as to insureds of the second class, that uninsured motorist coverage be provided to those who are in . . . the motor vehicles listed in the policy, as opposed to 'any' vehicle

3

to which the policy might apply") ("Stone I"); see also Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 189-90, 192 (4th Cir. 1997) (applying Stone I and holding that employee was not entitled to uninsured or underinsured motorist coverage by operation of § 38.2-2206 for injury occurring while employee was operating his personal vehicle in the scope of his employment because the vehicle — although covered under the employer's liability policy when used in connection with the employer's business — was not listed in the policy).

Accordingly, we affirm the district court's declaratory judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4